UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DEANGELO DESHAWN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>PLANET FITNESS, West Jordan Club #01464; "MANAGER CHUCK"; and ALISA MARTINEZ,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER TO FILE AMENDED COMPLAINT**<br><br><br>Case No. 2:23-cv-00195<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff DeAngelo Deshawn Johnson, proceeding *in forma pauperis*, filed this action against a Planet Fitness gym and two employees, "Manager Chuck" and Alisa Martinez.[1] Because Mr. Johnson's complaint fails to state a plausible claim for relief, the court ORDERS Mr. Johnson to file an amended complaint by **May 12, 2023**.

LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[2] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule

---

[1] (*See* Compl., Doc. No. 5.)

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

1

12(b)(6) of the Federal Rules of Civil Procedure.³  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."⁴  The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.⁵  But the court need not accept the plaintiff's conclusory allegations as true.⁶  "[A] plaintiff must offer specific factual allegations to support each claim."⁷

Because Mr. Johnson proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."⁸  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."⁹  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."¹⁰  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence

---

³ *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

⁴ *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

⁵ *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

⁶ *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

⁷ *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

⁸ *Hall*, 935 F.2d at 1110.

⁹ *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

¹⁰ *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

construction, or his unfamiliarity with pleading requirements,"[11] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## ANALYSIS

In his complaint, Mr. Johnson alleges he was a "victim of harassment, racial discrimination, and cruel and unusual punishment" at a Planet Fitness gym where he held a membership.[13] He alleges that on March 21, 2023, a manager named Chuck told him he needed to leave because he was working out for too long.[14] Mr. Johnson alleges Chuck told him he was only allowed to work out for two hours, even though his membership contract does not contain any time limit.[15] Mr. Johnson alleges when he asked for a copy of the rules, Chuck replied with a racial slur.[16] Mr. Johnson called the police, and the responding officer told Mr. Johnson that Chuck said he was "tired of the black man who lives out of his car coming to the gym."[17] The officer informed Mr. Johnson that he could still work out there, but only for up to two hours.[18]

---

[11] *Hall*, 935 F.2d at 1110.

[12] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

[13] (Ex. 1 to Compl., Doc. No. 5-1 at 1; *see also* Compl., Doc. No. 5.) Mr. Johnson's complaint consists of a pro se "civil rights complaint" form with narrative allegations attached.

[14] (Ex. 1 to Compl., Doc. No. 5-1 at 1.)

[15] (*Id.*)

[16] (*Id.*)

[17] (*Id.*)

[18] (*Id.* at 1–2.)

Later that day, Mr. Johnson received an email stating his Planet Fitness membership was canceled.[19] Mr. Johnson's complaint contains no specific allegations regarding Ms. Martinez's involvement, other than stating she is Planet Fitness employee.[20] However, Mr. Johnson attached a membership cancellation form which lists Alisa Martinez under "employee name" and states Mr. Johnson's membership is cancelled.[21] Mr. Johnson filed this case the next day, on March 22, 2023.[22] Mr. Johnson checked a box on the pro se complaint form indicating he is bringing claims under 42 U.S.C. § 1983, and he listed his causes of action as "racial discrimination," "harassment," and "verbal abuse/public humiliation."[23]

Mr. Johnson's complaint fails to state a plausible claim for relief against any of the named defendants. To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[24] Mr. Johnson fails to allege facts sufficient to show any of the defendants were acting under color of state law. He does not allege the defendants were state actors or "jointly engaged with state officials in the conduct allegedly violating the federal right," as required to state a section 1983 claim against private parties.[25] Mr. Johnson also fails to explain how Ms. Martinez was involved or identify

---

[19] (*Id.* at 2.)

[20] (*See* Compl., Doc. No. 5 at 2.)

[21] (*See* Ex. 2 to Compl., Doc. No. 5-2 at 1.)

[22] (*See* Doc. No. 1.)

[23] (*See* Compl., Doc. No. 5 at 1, 4.)

[24] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[25] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

4

particular actions by Ms. Martinez which violated his rights.[26] Mr. Johnson's complaint could also be construed as implicating Title II of the Civil Rights Act of 1964,[27] which provides "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, . . . without discrimination or segregation on the ground of race, color, religion, or national origin."[28] But Mr. Johnson does not specifically allege he was denied services or treated differently from other members because of his race. Further, a federal action under this statute cannot be brought until thirty days after the plaintiff provides notice of the discrimination claim to the appropriate state or local authority.[29] Mr. Johnson failed to allege compliance with this requirement, and he cannot show compliance where he filed his complaint the day after the incident occurred. Therefore, Mr. Johnson fails to state an actionable claim for relief under Title II.[30] Finally, Mr. Johnson fails to specify what relief he is seeking in this action.[31]

---

[26] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (A plaintiff must "identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim. (internal quotation marks omitted)).

[27] 42 U.S.C. § 2000a, et seq.

[28] 42 U.S.C. § 2000a(a); *see also Pappion v. R-Ranch Prop. Owners Ass'n*, 110 F. Supp. 3d 1017, 1023 (E.D. Cal. 2015) ("A gymnasium or golf course may be open only to authorized members and their guests, but that does not necessarily preclude it from being classified as a place of public accommodation." (internal quotation marks omitted)).

[29] *See* 42 U.S.C. § 2000a-3(c).

[30] *See Brown v. McDonalds USA LLC*, No. 10-2620-SAC, 2010 U.S. Dist. LEXIS 135207, at *5 (D. Kan. Dec. 21, 2010) (unpublished) (dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) where "the plaintiff ha[d] not alleged the required state filing of notice for a discrimination claim under 42 U.S.C. § 2000a-3(c)").

[31] (*See* Compl., Doc. No. 5 at 6 (leaving the "request for relief" portion of the complaint form blank).)

Because Mr. Johnson's complaint fails to state a claim for relief, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). Nevertheless, "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[32] Accordingly, Mr. Johnson will be given an opportunity to amend his complaint to address the deficiencies set forth above.

## CONCLUSION

The court ORDERS as follows:

1. Mr. Johnson is ordered to file an amended complaint by **May 12, 2023**. The words "Amended Complaint" should appear in the caption of the document.

2. Once filed, the court will screen the amended complaint under 28 U.S.C. § 1915(e) and Rule 3-2(b) of the Local Rules of Civil Practice.

3. Mr. Johnson is advised that an amended complaint will *completely replace* all prior versions of the complaint. Claims which are not realleged in the amended complaint will be deemed abandoned.[33]

4. The restriction on filing motions or other documents set forth in the court's March 23, 2023 order[34] remains in place. The only documents Mr. Johnson may file at this juncture are

---

[32] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

[33] *See Pierce v. Williams*, No. CIV 20-284-RAW-SPS, 2020 U.S. Dist. LEXIS 185074, at *6 (E.D. Okla. Oct. 6, 2020) (unpublished) ("An amended complaint completely replaces the original complaint and renders the original complaint of no legal effect." (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991))).

[34] (Doc. No. 4.)

an amended complaint and court forms (such as the email filing and electronic notification form and the consent to magistrate judge jurisdiction form).

5. Failure to file an amended complaint may result in dismissal of this action.

DATED this 6th day of April, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge