UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DEANGELO DESHAWN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>PLANET FITNESS, West Jordan Club #01464; "MANAGER CHUCK"; and ALISA MARTINEZ,<br><br>Defendants. | **REPORT AND RECOMMENDATION TO DISMISS ACTION**<br><br><br>Case No. 2:23-cv-00195<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Pro se plaintiff DeAngelo Deshawn Johnson, proceeding *in forma pauperis*, filed this action against a Planet Fitness gym and two employees, "Manager Chuck" and Alisa Martinez.[1] After screening Mr. Johnson's complaint under 28 U.S.C. § 1915(e)(2)(B) and identifying deficiencies, the court ordered Mr. Johnson to file an amended complaint by May 12, 2023.[2] The court noted failure to file an amended complaint could result in dismissal of this action.[3] Mr. Johnson did not file an amended complaint, but he filed a letter on May 12, 2023, containing factual allegations largely the same as those in the complaint.[4]

---

[1] (*See* Compl., Doc. No. 5.)

[2] (*See* Mem. Decision and Order to File Am. Compl., Doc. No. 6.)

[3] (*Id.* at 7.)

[4] (Doc. No. 13.)

1

Because Mr. Johnson's complaint fails to state a plausible claim for relief, the May 12 letter fails to cure this deficiency, and further opportunities to amend would be futile, the undersigned[5] recommends the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## LEGAL STANDARDS

Whenever a court authorizes a party to proceed *in forma pauperis*, the court must dismiss the case if it determines the complaint "fails to state a claim on which relief may be granted."[6] In determining whether a complaint fails to state a claim for relief under section 1915, the court employs the standard for analyzing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[7] To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[8] The court accepts well-pleaded factual allegations as true and views the allegations in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor.[9] But the

---

[5] This case is referred to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(B).  (*See* Doc. No. 7.)

[6] 28 U.S.C. § 1915(e)(2)(B)(ii).

[7] *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

[8] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[9] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

court need not accept the plaintiff's conclusory allegations as true.[10] "[A] plaintiff must offer specific factual allegations to support each claim."[11]

Because Mr. Johnson proceeds pro se, his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[12] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[13] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[14] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[15] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[16]

## ANALYSIS

In his complaint, Mr. Johnson alleges he was a "victim of harassment, racial discrimination, and cruel and unusual punishment" at a Planet Fitness gym where he held a

---

[10] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[12] *Hall*, 935 F.2d at 1110.

[13] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[14] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[15] *Hall*, 935 F.2d at 1110.

[16] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

membership.[17]  He alleges that on March 21, 2023, a manager named Chuck told him he needed to leave because he was working out for too long.[18]  Mr. Johnson alleges Chuck told him he was only allowed to work out for two hours, even though his membership contract does not contain any time limit.[19]  Mr. Johnson alleges when he asked for a copy of the rules, Chuck replied with a racial slur.[20]  Mr. Johnson called the police, and the responding officer told Mr. Johnson that Chuck said he was "tired of the black man who lives out of his car coming to the gym."[21]  The officer informed Mr. Johnson that he could still work out there, but only for up to two hours.[22]  Later that day, Mr. Johnson received an email stating his Planet Fitness membership was canceled.[23]  Mr. Johnson's complaint contains no specific allegations regarding Ms. Martinez's involvement, other than stating she is a Planet Fitness employee.[24]  However, Mr. Johnson attached a membership cancellation form which lists Alisa Martinez under "employee name" and states Mr. Johnson's membership is cancelled.[25]  Mr. Johnson filed this case the next day, on

---

[17] (Ex. 1 to Compl., Doc. No. 5-1 at 1; *see also* Compl., Doc. No. 5.)  Mr. Johnson's complaint consists of a pro se "civil rights complaint" form with narrative allegations attached.

[18] (Ex. 1 to Compl., Doc. No. 5-1 at 1.)

[19] (*Id.*)

[20] (*Id.*)

[21] (*Id.*)

[22] (*Id.* at 1–2.)

[23] (*Id.* at 2.)

[24] (*See* Compl., Doc. No. 5 at 2.)

[25] (*See* Ex. 2 to Compl., Doc. No. 5-2 at 1.)

March 22, 2023.[26] Mr. Johnson checked a box on the pro se complaint form indicating he is bringing claims under 42 U.S.C. § 1983, and he listed his causes of action as "racial discrimination," "harassment," and "verbal abuse/public humiliation."[27]

Mr. Johnson's complaint fails to state a plausible claim for relief against any of the named defendants.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege (1) deprivation of a federal right by (2) a person acting under color of state law."[28]  Mr. Johnson fails to allege facts sufficient to show any of the defendants were acting under color of state law. He does not allege the defendants were state actors or "jointly engaged with state officials in the conduct allegedly violating the federal right," as required to state a section 1983 claim against private parties.[29]  Mr. Johnson also fails to explain how Ms. Martinez was involved or identify particular actions by Ms. Martinez which violated his rights.[30]

Mr. Johnson's complaint could also be construed as implicating Title II of the Civil Rights Act of 1964,[31] which provides "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, . . . without discrimination or segregation on the ground of race,

---

[26] (*See* Doc. No. 1.)

[27] (*See* Compl., Doc. No. 5 at 1, 4.)

[28] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[29] *Janny v. Gamez*, 8 F.4th 883, 919 (10th Cir. 2021).

[30] *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (providing a plaintiff must "identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim (internal quotation marks omitted)).

[31] 42 U.S.C. § 2000a, *et seq*.

color, religion, or national origin."[32] But Mr. Johnson does not specifically allege he was denied services or treated differently from other members because of his race.[33] Further, a federal action under this statute cannot be brought until thirty days after the plaintiff provides notice of the discrimination claim to the appropriate state or local authority.[34] Mr. Johnson failed to allege compliance with this requirement, and he cannot show compliance where he filed his complaint the day after the incident occurred. Mr. Johnson's Title II claim is subject to dismissal on this basis.[35] Further, Mr. Johnson's May 12, 2023 letter clarified he is seeking monetary damages,[36]

---

[32] 42 U.S.C. § 2000a(a); *see also Pappion v. R-Ranch Prop. Owners Ass'n*, 110 F. Supp. 3d 1017, 1023 (E.D. Cal. 2015) ("A gymnasium or golf course may be open only to authorized members and their guests, but that does not necessarily preclude it from being classified as a place of public accommodation." (internal quotation marks omitted)).

[33] *See Zinman v. L.A. Fitness Int'l LLC*, No. 21-cv-20315-BLOOM/Otazo-Reyes, 2021 U.S. Dist. LEXIS 114827, at *7–8 (S.D. Fla. June 21, 2021) (unpublished) ("To state a *prima facie* case under Title II, a plaintiff must demonstrate that he: (1) is a member of a protected class; (2) attempted to contract for services and afford [himself] the full benefits and enjoyment of a public accommodation; (3) was denied the full benefits or enjoyments of a public accommodation; and (4) such services were available to similarly situated persons outside [his] protected class who received full benefits or who were treated better." (alteration in original) (internal quotation marks omitted)).

[34] *See* 42 U.S.C. § 2000a-3(c).

[35] *See Brown v. McDonalds USA LLC*, No. 10-2620-SAC, 2010 U.S. Dist. LEXIS 135207, at *5 (D. Kan. Dec. 21, 2010) (unpublished) (dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) where "the plaintiff ha[d] not alleged the required state filing of notice for a discrimination claim under 42 U.S.C. § 2000a-3(c)").

[36] (Doc. No. 13 at 3–4.)

which are not available under Title II.[37]  Therefore, Mr. Johnson fails to state a plausible claim for relief under Title II.

The court previously identified these deficiencies and ordered Mr. Johnson to file an amended complaint to correct them.  Mr. Johnson did not do so.  His May 12, 2023 letter contains largely the same factual allegations as the complaint.[38]  Other than specifying that Mr. Johnson is seeking monetary relief,[39] the letter does not address the deficiencies in the complaint or allege new facts sufficient to state a plausible claim for relief.

Because Mr. Johnson's complaint fails to state a claim for relief, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).  "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[40]  Where Mr. Johnson has been given an opportunity to amend his complaint to correct the deficiencies set forth above and failed to do so, further opportunities to amend would be futile.  Therefore, dismissal is appropriate.

---

[37] *See Gallegos v. Adams Cnty. Sch. Dist. 14*, No. 17-cv-00306-CMA-NYW, 2017 U.S. Dist. LEXIS 156351, at *10 (D. Colo. Sep. 25, 2017) (unpublished) (citing *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 401–02 (1968)).

[38] (*See* Doc. No. 13.)

[39] The order to amend noted Mr. Johnson's complaint failed to specify what relief he was seeking. (Mem. Decision and Order to File Am. Compl. 5, Doc. No. 6.)  Mr. Johnson's May 12 letter specifies he is seeking $500,000. (Doc. No. 13 at 3–4.)

[40] *Kay*, 500 F.3d at 1217 (internal quotation marks omitted).

## RECOMMENDATION

Where Mr. Johnson's complaint fails to state a plausible claim for relief, and further opportunities to amend would be futile, the undersigned RECOMMENDS the district judge dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B). The court will send this Report and Recommendation to Mr. Johnson, who is notified of his right to object to it. Any objection must be filed within fourteen days of service.[41] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 27th day of July, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[41] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).